### BERTHA SANDERS V. THE STATE.

No. 10527. Delivered January 5, 1927.

**Murder—Clothing of Deceased—When Admissible in Evidence.**

Where, upon a trial for murder, the position of the parties, the location of the pistol at the time it was fired, and the effect of the shots upon the clothing were controverted questions, there was no error in receiving in evidence the clothing worn by the deceased at the time of the homicide. See Underhill Crim. Evidence, 3rd Ed., Sec. 101.

Appeal from the District Court of Fayette County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of murder, penalty fifty years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder, punishment fixed at confinement in the penitentiary for a period of fifty years.

That Alice Price was killed by shots fired from a pistol in the hands of the appellant is established by the evidence without controversy. The state's evidence would lead to the conclusion that

the deceased was assassinated by the appellant. One bullet went through the neck entering the front; another entered the body. She lived but a few minutes, but stated that the appellant laid in wait for her and shot her. Molden, an eye-witness, gave testimony indicating that the appellant had concealed herself behind some bushes and assaulted and shot the deceased as she was passing.

According to the appellant, she was attacked by the deceased with a pistol. She seized her and in the struggle the pistol was fired. The following is quoted from the testimony of the appellant:

"I ran into her and tussled with her for the pistol, to keep her from killing me, and in the tussle we fell, and that is when she came to be shot. When we fell, I got on up, and I had the pistol in my hand."

There was some evidence of previous bad feeling, the details of which it is deemed unnecessary to state.

There is but one bill of exceptions complaining of the procedure and that relates to the receipt in evidence of the clothing worn by the deceased. As qualified, the bill fails to show any violation of the rules of evidence touching the testimony of which complaint is made. The position of the parties, the location of the pistol at the time it was fired and the effect of the shots upon clothing were controverted questions upon which the learned trial judge deemed the receipt of the evidence mentioned relevant. The bill fails to show that the conclusion reached by the learned trial judge was unsound or out of harmony with the precedents collated in Underhill's Criminal Evidence, 3rd Ed., Sec. 101.

The judgment is affirmed.                     *Affirmed.*